**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                                                  **CRIMINAL ACTION NO. 2:07CR4**

**v.**

**CHRISTINE K. WHITE,**

    **Defendant.**

## ORDER AFFIRMING REPORT & RECOMMENDATION

Before the Court are the Defendant's Motion to Suppress Evidence, filed on March 23, 2007 (Docket No. 16), and defendant's Motion to Suppress Evidence Pursuant to <u>Franks v. Delaware</u> (Docket No. 19), filed on March 29, 2007. On April 19, 2007, United States Magistrate Judge John S. Kaull held an evidentiary hearing on these matters. On May 7, 2007, Magistrate Judge Kaull issued a Report and Recommendation/Opinion, hereinafter "Recommendation" (Docket No. 25), recommending that the Court grant defendant's motions. The government was granted leave by this Court to extend the deadline for the filing of objections to the Recommendation until July 23, 2007. (Docket No. 31). The government subsequently filed its objections on July 23, 2007 (Docket No. 32). Defendant filed her response to government's objections on July 30, 2007 (Docket No. 33). After consideration of these objections, the Court now **AFFIRMS** the Magistrate's Recommendation.

### I. BACKGROUND

The defendant, Christine K. White, was indicted by a grand jury on February 21, 2007. In summary, the three count indictment charges the defendant with maintaining a drug involved premises, distribution of crack cocaine; and possession of controlled substances with intent to distribute. The indictment also contains a forfeiture allegation.

A search warrant was issued in the investigation of this case on November 28, 2006. In her motion to suppress evidence, the defendant asserts that the affidavit in support of the warrant supplied an insufficient factual basis for probable cause, and that the good faith exception to the exclusionary rule does not apply as the affidavit in support of the search warrant was so lacking in probable cause as to render official belief in its existence entirely unreasonable. In defendant's motion to suppress evidence based on Franks v. Delaware, she claims the warrant application contains false statements and material omissions which were made knowingly and intentionally, or with a reckless disregard for the truth. In his Recommendation, the Magistrate Judge agreed with both contentions. Specifically, the Magistrate Judge found the information by way of the police affidavit was insufficient upon which to find probable cause; the police affidavit omitted material information and contained material misrepresentations; and the search warrant which is not supported by probable cause is not saved by the good faith exception to the exclusionary rule.

## II. STANDARDS OF LAW

**A.     The Probable Cause Determination**

To adequately support the issuance of a warrant, the "affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause." Illinois v. Gates, 462 U.S. 213, 239 (1983). Whether probable cause exists must be determined "under the totality of the circumstances." See Gates, 462 U.S. at 239. Additionally, in reviewing an issued search warrant, "great deference" is given to the issuing judicial officer's probable cause determination. United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990). "The magistrate is required 'simply to make a practical, common sense decision whether, given all the

circumstance in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" Id. (quoting Gates, 462 U.S. at 238). The reviewing court does not conduct a de novo determination of probable cause; instead, it only considers the information presented to the magistrate who issued the warrant. Massachusetts v. Upton, 466 U.S. 727, 728 (1984).

**B.     The Leon Exception**

Even if an affidavit is insufficient to support a probable cause finding, the warrant may be upheld under the "good faith exception." United States v. Leon, 468 U.S. 897, 926 (1984). "If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." Id. at 918. Thus, an officer's objectively reasonable reliance on an otherwise invalid warrant precludes suppression of seized evidence. Id. at 922.

> The good faith exception does not apply in the following four situations:
>
> 1) the magistrate was misled by information in an affidavit that the officer knew was false or would have known was false except for the officer's reckless disregard for the truth;
>
> 2) the magistrate wholly abandoned his detached and neutral judicial role;
>
> 3) the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and
>
> 4) the warrant was so facially deficient, by failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid.

United States v. Hyppolite, 65 F.3d 1151, 1156 (4th Cir. 1995)(citing Leon, 468 U.S. at 923).

C. <u>Franks</u> Hearing Standard

In <u>United States v. Shorter</u>, 328 F.3d 167 (4th Cir. 2002), the Fourth Circuit recently summarized the standard governing the entitlement to a <u>Franks</u> hearing:

> A defendant may obtain a hearing concerning the validity of an affidavit supporting a search warrant by making "a substantial preliminary showing," that the affidavit omitted material facts "with the intent to make, or in reckless disregard of whether [he] thereby made, the affidavit misleading." This showing requires "a detailed offer of proof," and "allegations of negligence or innocent mistake are insufficient." The defendant must also show that the omitted material was such "that its inclusion in the affidavit would defeat probable cause."

<u>Id.</u> at 170 (quotations omitted).

### III. DISCUSSION

In light of the perspicuity of the Magistrate's Recommendations, an extensive analysis of the government's objections is unnecessary. The government challenges certain findings in the Recommendation by placing undue reliance on the police officer's "tip from persons close to him of heavy traffic at the defendant's residence" and information received "when the tipster saw the traffic." However, this information was never shared with the issuing magistrate and omitted from the search warrant application. According to the police affidavit, the defendant was merely "a suspected drug dealer." No basis for this conclusion was ever shared with the issuing magistrate. Since a reviewing court does not conduct a <u>de novo</u> determination of probable cause, and may only consider information presented to the magistrate who issued the warrant, <u>Massachusetts v. Upton</u>, 466 U.S. 727, 728 (1984), it was proper for the Magistrate's Recommendation to disregard evidence derived from this source of information. This holds true regardless of whether the police disclosed or withheld the identity of the "tipster" during the evidentiary hearing as complained of by the government.

The government further argues the police officer "engaged in poor report writing, but he seized a large quantity of drugs from our community." This objection is unavailing. A finding of probable cause must necessarily rise or fall on the basis of the information first submitted to the magistrate. If "poor report writing" fails to provide a substantial basis for determining the existence of probable cause, then a subsequent search cannot thereafter be justified by the later seizure of the instrumentalities of crime.

Finally, the government relies on the status of the person providing the police with otherwise unsubstantiated hearsay information – the "drug addict in possession of paraphernalia" who was stopped by the police. However, this individual expressly indicated to the police that he had not obtained any illegal drugs from inside defendant's residence. This individual stated he never saw illegal drug dealing activity inside defendant's home. While this individual had earlier used drugs along with his paraphernalia, none of it had any connection to defendant's residence. It was all done elsewhere. These circumstances collectively support the finding in the Magistrate's Recommendation that "the fact that pills may have been on the table and may have been loracet pills is not indicative of drug dealing inasmuch as the [source] denies seeing any dealing at the house."

## IV. CONCLUSION

The Court concludes that the Magistrate's Report and Recommendation/Opinion is thorough, well-reasoned, and correct. Therefore, the Court **AFFIRMS** the Magistrate and **OVERRULES** the government's objections. Accordingly, the Court **GRANTS** the defendant's motions to suppress evidence (Docket Nos. 16 & 19) and **ORDERS** that all evidence seized as a result of the search of the Defendant's residence pursuant to the search warrant issued on

November 28, 2006, and all statements made by the Defendant to the police as the fruit of her illegal arrest be, and the same are hereby, **SUPPRESSED**.

It is so **ORDERED**

The Clerk is directed to send copies of this Order to all counsel of record.

**ENTER**: August  16 , 2007.

                                           **/S/ Robert E. Maxwell**
                                           ROBERT E. MAXWELL
                                           UNITED STATES DISTRICT COURT JUDGE